IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELISSA ELAINE WEBSTER, # 174952                          PLAINTIFF

VERSUS                                    CAUSE NO. 3:12CV858-TSL-JMR

CHRISTOPHER EPPS, EMMITT
SPARKMAN, JAMES HOLMAN, BRIAN
LADNER, MS. JONES, INMATE LEGAL
ASSISTANCE PROGRAM DEPARTMENT,
MISSISSIPPI DEPARTMENT OF
CORRECTIONS, RANKIN COUNTY,
ADMINISTRATIVE REMEDY PROGRAM,
STATE OF MISSISSIPPI, TINA
LADNER, CASE MANAGER SMITH, CASE
MANAGER POWELL, CASE MANAGER
NORWOOD, and CASE MANAGER EPPS                           DEFENDANTS

MEMORANDUM OPINION AND ORDER DISMISSING ILAP DEPARTMENT,
MDOC, THE COUNTY, ADMINISTRATIVE REMEDY PROGRAM, AND THE STATE

BEFORE THE COURT are pro se plaintiff Melissa Elaine
Webster's pleadings. She is incarcerated with the Mississippi
Department of Corrections ("MDOC") and brings this action
challenging the conditions of her confinement. The court has
considered and liberally construed the pleadings. As set forth
below, defendants Inmate Legal Assistance Program Department
("ILAP"), MDOC, Rankin County, Administrative Remedy Program, and
State of Mississippi are dismissed.

BACKGROUND

Webster is housed at the Central Mississippi Correctional
Facility, located in Rankin County. She complains about various
conditions of her confinement, including alleged overcrowding and

unsanitary conditions.  She claims that she is being classified as a violent offender, even though she was convicted of a nonviolent offense.  She also contends she is being discriminated against on the basis of her gender and race in terms of her classification, housing conditions, and the Intensive Supervision Release Program.  Finally, she maintains that she is being treated more severely than others in her custody class.  Among other defendants, she sues the State, MDOC, its ILAP Department and Administrative Remedy Program, and Rankin County.  She claims the County has failed "to monitor how MDOC maintains the prison in their county." (Compl. at 49).  As a result, she seeks damages and injunctive relief.

DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . -(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

2

whose factual contentions are clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." <u>Id.</u> The court has permitted Webster to proceed <u>in forma pauperis</u> in this action. Her Complaint is subject to <u>sua sponte</u> dismissal under Section 1915.

## THE STATE, MDOC, ILAP, AND ADMINISTRATIVE REMEDY PROGRAM

Webster sues the State, MDOC, and MDOC's Inmate Legal Assistance and Administrative Remedy Programs under Section 1983, and read liberally, under state law for alleged wrongful classification, unconstitutional conditions, and equal protection violations. She seeks damages and injunctive relief from the State defendants.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to

suit under this statute, because "a State is not a person within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; Scott v. Miss. Dep't of Corrs., No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the Section 1983 claims against the State of Mississippi, MDOC, and MDOC's ILAP and Administrative Remedy Program are dismissed.

    "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004).  The court notes that Webster sues MDOC Commissioner Christopher Epps, both in his individual and official capacity.

    To the extent the State, MDOC, ILAP, and the Administrative Remedy Program are sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity

4

"from suit in federal court." Miss. Code Ann. § 11-46-5(4).
Therefore, the state law claims against these defendants are
dismissed as well.

### RANKIN COUNTY

Next, Webster sues Rankin County for the alleged
unconstitutional conditions of confinement at the State prison.
She sues the County based on the prison's mere presence in the
County. When asked how it violated her constitutional rights,
she did not specify. She merely repeated that she has been
classified as a violent offender, even though she was convicted
of a nonviolent offense.

A municipality may be held liable under Section 1983 when
its official policies or custom violate the Constitution. Monell
v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The policy
or custom must cause the constitutional tort. Id. at 691. Thus,
to state a claim against the County, under Section 1983, Webster
must allege (1) the existence of a policymaker and (2) an
official policy or custom, (3) which is the moving force behind a
constitutional violation." Piotrowski v. City of Houston, 237
F.3d 567, 578 (5th Cir. 2001).

The Section 1983 claims first fail as a matter of law,
because the County is not the policymaker for the State prison.
They also fail, because Webster does not allege an official
custom, policy or practice by the County. She alleges only that

the State prison is located within the County.

Any state law claim against the County likewise fails, because she points to no authority or duty for the County to interfere with the operation of the prison.

The County is dismissed as frivolous and for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, defendants Inmate Legal Assistance Program Department, Mississippi Department of Corrections, Administrative Remedy Program, and State of Mississippi should be and are hereby **DISMISSED**.  The Section 1983 claims against them are dismissed with prejudice.  The State law claims against these defendants are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that defendant Rankin County is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED**, this the 4th day of June, 2013.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE