IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MELISSA ELAINE WEBSTER**                                                         **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:12cv858-JMR**

**CHRISTOPHER EPPS; EMMITT SPARKMAN;
JAMES HOLMAN; BRIAN LADNER;
CHUNGA JONES; TINA LADNER;
CASE MANAGER CYNTHIA SMITH;
CASE MANAGER TAWANA POWELL;
CASE MANAGER MARY LOU EPPS;
and CASE MANAGER SCHELLE NORWOOD**                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court the motion of the Defendants, Christopher Epps [Epps], Emmitt Sparkman [Sparkman], James Holman [Holman], Chunga Jones [Jones], Tina Ladner [Ladner], Case Manager Cynthia Smith [Smith], Case Manager Tawana Powell [Powell], Case Manager Mary Lou Epps [Mary Lou Epps], and Case Manager Schelle Norwood [Norwood], [collectively, Defendants] for summary judgment [51] filed in this case. Also pending before the Court are the Plaintiff's motions to add witness [37]; for leave to file [38] certain documents [38-1] into the record which are associated with her attempt to have the prison review her status; to appoint counsel [41]; and another motion for leave to file documents [48] regarding the denial of parole in her case and other issues. The Court, being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds as follows.

## STATEMENT OF THE CASE

Webster is a post conviction inmate in the custody of the Mississippi Department of Corrections [MDOC]. She filed her lawsuit on December 17, 2012, under 42 U.S.C. § 1983,

challenging her eligibility for the Intensive Supervision Program [ISP]. [1.] Webster claims that she should be allowed to participate in the ISP, and she challenges her classification as a violent offender. [1, p. 3.] She claims that she has proof that she was convicted under the nonviolent portion of Mississippi Code Annotated § 43-47-19. [1-1, p. 14.]

According to the Administrative Remedy Program [ARP] first step response, Webster was informed that she was ineligible for the ISP because she was convicted and sentenced for exploitation of a vulnerable adult while that person was a resident in a personal care facility. [51-1, p. 5.] Webster's response in seeking to proceed to step two of the administrative program was that she was not convicted of abuse, because she was charged and convicted under the non-violent portion of the vulnerable adult statute. [51-1, p. 6.] The second step response to Webster provided that Webster was not eligible for the ISP program. [51-1, p. 11.]

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-7 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Furthermore, it is well settled in this circuit that bare allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes. *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630, 636 (5th Cir. 2012).

In considering a motion for summary judgment, the court views the evidence in the light most favorable to the party resisting the motion. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012). To avoid summary judgment, the party opposing summary judgment must "go beyond the pleadings" and bring forth evidence demonstrating the existence of a triable issue of fact. *See Anderson*, 477 U.S. at 247-8; *Whitt v. Stephens Cnty*, 529 F.3d 278, 283 n.8 (5th Cir. 2008).

## ANALYSIS

The Defendants advance several reasons why Webster's complaint should be dismissed on summary judgment. [52.] The Court will address these reasons below.

I.    Eleventh Amendment Immunity

The Defendants assert that the claims advanced against them acting in their official capacities are barred by the Eleventh Amendment. [52, p. 3.] Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti,* 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). Thus, Webster's official claims against the Defendants are in effect claims against the MDOC. Because the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims asserted under Section 1983, and the MDOC is an arm of the State for purposes of Eleventh Amendment immunity, these defendants are also entitled to immunity from plaintiff's claims against them in their *official* capacities. *See* MISS. CODE ANN. § 47-5-1 *et. seq.; see also Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978). Accordingly, the Court finds that the Defendant's motion for summary judgment regarding any claims advanced against them in their official capacity should be granted. Eleventh Amendment immunity,

however, does not apply to plaintiff's claims for monetary damages against Defendants in their *individual* capacities. *See Hafer v. Melo,* 502 U.S. 21, 30-1 (1991) ("the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983.")

II.  Qualified Immunity

The Defendants have raised the affirmative defense of qualified immunity to Plaintiff's individual capacity claims. [52, p. 5.] In assessing a claim of qualified immunity, the Court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly,* 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 327 (5th Cir. 1998). The plaintiff is required to state specific facts in her complaint to overcome the qualified immunity defense. *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996).

According to the Defendants, Webster has not demonstrated a violation of clearly established law in her complaint. [52, p. 8.] Webster claims that her due process rights were violated when she was denied participation in the ISP program because she is classified as a violent offender. [16, p. 2.]

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms,* 450 U.S. 460, 468 (1983); *Meachum v. Fano,* 427 U.S. 215, 224 (1976); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney,* 976 F.2d

957, 958 (5th Cir. 1992); *McCord v. Maggio,* 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to 103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord,* 910 F.2d at 1250 (citations omitted). In this case, the plaintiff s alleges that she has been improperly classified, however this situation is not an extreme circumstance sufficient to warrant judicial intervention in her classification.

Accordingly, the Court finds that Webster has failed to demonstrate a violation of a clearly established federal right or any right under state law. The Court further finds that the defendants are entitled to qualified immunity in this case, and concludes that the motion for summary judgment should be granted. Webster has also failed to state a claim under state law, and the Court finds that summary judgment should be granted on any state law claim which Webster may have advanced in this case.

The Court further finds that granting the Defendants' motion for summary judgment renders Webster's Motions to add witness [37]; for leave to file [38] certain documents [38-1]; to appoint counsel [41]; and another motion for leave to file documents [48] in her case moot, and finds that these motions should be denied.

## CONCLUSION

Pursuant to the foregoing analysis, this Court finds that the Plaintiff has not presented any facts that create a genuine issue of material fact with regard to the Defendants' official or individual liability for a violation of the Plaintiff's constitutional or state law rights. Accordingly, the Court finds that the Defendants' Motion [51] for Summary Judgment should be granted as to all of the Plaintiff's claims and that all claims against all Defendants whether

advanced in their individual or official capacities, should be dismissed with prejudice. In addition, the Court finds that Webster's Motions to add witness [37]; for leave to file [38] certain documents [38-1]; to appoint counsel [41]; and another motion for leave to file documents [48] in her case moot, and finds that these motions should be denied. A separate Judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs associated with these motions.

    DATED, this the 20th day of February, 2014.

                                        *s/ John M. Roper, Sr.*
                                CHIEF UNITED STATES MAGISTRATE JUDGE